UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO GUTIERREZ, JR., | Case No. 1:20-cv-01130-AWI-EPG (PC) |
| Plaintiff, | ORDER DENYING STIPULATED PROTECTIVE ORDER WITHOUT PREJUDICE |
| v. | (ECF No. 60) |
| SANDOVAL, | |
| Defendant. | |

On April 27, 2022, the parties filed a Stipulated Protective Order.  (ECF No. 60).  The Introduction Section states:

1. Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

2. Accordingly, the parties hereby stipulate to the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

3. The parties further acknowledge, as set forth below, that this Stipulation and Order creates no entitlement to file confidential information under seal; and that Eastern District Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

(ECF No. 60, p. 1).

In the definition section, "Confidential Information or Items" is defined as "information (regardless of the medium or how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c) and/or applicable federal privileges."  (Id. at 2).

Having reviewed the Stipulated Protective Order, the Court finds that it does not comply with Eastern District of California Local Rule 141.1(c), which requires that every proposed protective order contain the following provisions: "(1) [a] description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child); (2) [a] showing of particularized need for protection as to each category of information proposed to be covered by the order; and (3) [a] showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." (paragraph breaks omitted).  Here, the stipulation does not provide a description of the types of information eligible for protection or a provision showing a particularized need for protection as to each category.

Accordingly, the parties' Stipulated Protective Order (ECF No. 60) is DENIED, without prejudice to the parties refiling a stipulated protective order that complies with Local Rule 141.1(c).

IT IS SO ORDERED.

Dated:   **May 2, 2022**                        /s/ Erin P. Gross

                                                         UNITED STATES MAGISTRATE JUDGE