UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO GUTIERREZ, JR., <br><br> Plaintiff, <br><br> v. <br><br> SANDOVAL, <br><br> Defendant. | Case No. 1:20-cv-01130-JLT-EPG (PC) <br><br> ORDER PERMITTING PARTIES TO FILE SUPPLEMENTAL BRIEFS RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHIN TWENTY-ONE DAYS |

  Antonio Gutierrez, Jr. ("Plaintiff), is proceeding *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On March 14, 2023, Defendant filed a motion for summary judgment "on the grounds that Defendant is entitled to judgment as a matter of law because there is no evidence that Defendant Sandoval was deliberately indifferent to the serious medical needs of the Plaintiff and there is no medical evidence that the lapse of 40 hours between the onset of Plaintiff's symptoms and his treatment made any difference in Plaintiff's outcome."  (ECF No. 79, p. 2).  The motion has been fully briefed, and the Court held a hearing on the motion on May 12, 2023 (ECF No. 90).

  After further reviewing the parties' submissions, the Court finds that supplemental briefing is warranted on two issues.

  In their papers, the parties dispute whether the Court can consider allegations of error by Dr. Montegrande in light of allegations in the operative complaint.  Plaintiff's opposition notes

1

1   that he will request leave to amend in the future, but he has not yet done so. The current briefing
2   does not address whether amendment at this time should be permitted. See, e.g., Desertrain v.
3   City of Los Angeles, 754 F.3d 1147, 1154 (9th Cir. 2014) ("Where plaintiffs fail[ ] to raise [a
4   claim] properly in their pleadings, ... [if] they raised it in their motion for summary judgment,
5   they should [be] allowed to incorporate it by amendment under Fed.R.Civ.P. 15(b). And when
6   issues are raised in opposition to a motion to summary judgment that are outside the scope of the
7   complaint, [t]he district court should have construed [the matter raised] as a request pursuant to
8   rule 15(b) of the Federal Rules of Civil Procedure to amend the pleadings out of time.");
9   (alterations in original) (citations and internal quotation marks omitted); Wasco Prod., Inc. v.
10  Southwall Techs., Inc., 435 F.3d 989, 992 (9th Cir. 2006) ("Wasco therefore may not toll the
11  statute of limitations based on its allegations of civil conspiracy, which appear for the first time in
12  its response to the summary judgment motion. [T]he necessary factual averments are required
13  with respect to each material element of the underlying legal theory.... Simply put, summary
14  judgment is not a procedural second chance to flesh out inadequate pleadings.") (alterations in
15  original) (citation and internal quotation marks omitted); Coleman v. Quaker Oats Co., 232 F.3d
16  1271, 1292, 1294 (9th Cir. 2000) ("Allowing Jeney, Gentile and Coleman to proceed with their
17  disparate impact theory after the close of discovery would prejudice Quaker. A complaint guides
18  the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order
19  to defend against the plaintiff's allegations…. Thus, we hold that the plaintiffs, who clearly
20  stated ADEA claims of disparate treatment but sought also to pursue claims of disparate impact,
21  were required either (1) to plead the additional disparate impact theory in their complaints, or (2)
22  to make known during discovery their intention to pursue recovery on the disparate impact theory
23  omitted from their complaints. Only if the defendants have been put on notice may the plaintiffs
24  proceed on a disparate impact theory at the summary judgment stage.").
25      Accordingly, the Court requests briefing on whether Plaintiff should be permitted to amend
26  his complaint at this time to include allegations of error by Dr. Montegrande.
27      Additionally, Defendant has moved for summary judgment on the basis that, even if
28  Defendant knew of and disregarded a serious medical need, there is no evidence that the delay

caused by Defendant made any difference in Plaintiff's outcome. However, the parties do not address what part, if any, of the Eighth Amendment claim would proceed even if Plaintiff cannot show that his long-term prognosis was adversely affected by the delay in treatment. See, e.g., Hazle v. Crofoot, 727 F.3d 983, 992 n. 6 (9th Cir. 2013) ("Contrary to the state defendants' contentions, it should have been obvious that Hazle was entitled to at least an award of nominal damages as a result of the district judge's finding that the state defendants violated his constitutional rights. The Supreme Court has explicitly held that when a defendant is found to have violated an individual's right to procedural due process, the plaintiff is entitled to recover nominal damages, even without proof of actual injury. Our circuit's case law makes clear that neither the judge nor the jury has any discretion in this matter, and that the rule entitling a plaintiff to nominal damages applies with equal force to violations of substantive constitutional rights. Nominal damages must be awarded in cases in which the plaintiff is not entitled to compensatory damages, such as cases in which no actual injury is incurred or can be proven.") (citations and internal quotation marks omitted); Est. of Macias v. Ihde, 219 F.3d 1018, 1028 (9th Cir. 2000) ("A plaintiff may prove a violation of § 1983 without demonstrating that the deprivation of his or her constitutional rights caused any actual harm.").

Therefore, the Court requests briefing on this issue.

Based on the foregoing, IT IS ORDERED that the parties have twenty-one days from the date of service of this order to submit supplemental briefing on the following issues: 1) Whether Plaintiff should be permitted to amend his complaint at this time to include allegations of error by Dr. Montegrande; and 2) Whether Plaintiff may proceed on his claim for deliberate indifference and seek nominal damages even if he cannot show that his long-term prognosis was adversely affected by the delay in treatment.

IT IS SO ORDERED.

Dated: **July 12, 2023**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

3