Janine K. Jeffery, Esq. CBN 112639
  Jjeffery@reilyjeffery.com
REILY & JEFFERY, INC.
5850 Canoga Avenue, Suite 400
Woodland Hills, California 91367
Telephone:  (818) 350-6282
Fax No.:  (818) 350-6283

Attorneys for Defendant, M. Sandoval, R.N.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO GUTIERREZ, JR., | CASE NO. 1:20-cv-01130-AWI-EPG (PC) |
| Plaintiff, | **SUPPLEMENTAL BRIEF PURSUANT TO COURT ORDER** |
| vs. | *(Filed Concurrently with Declaration of Janine K. Jeffery)* |
| M, SANDOVAL, R.N., | |
| Defendant. | Hon. Magistrate Erica P. Grosjean |

Defendant M. Sandoval submits the following supplemental brief in response to the Court's order dated July 12, 2023.  (ECF # 94)

///

///

///

///

# TABLE OF CONTENTS

I.    PROCEDURAL BACKGROUND ....................................................................1

II.   ARGUMENT ............................................................................................3

     A.    This Court has Already Dismissed the Claims Against Dr.
          Montegrande ................................................................................3

     B.    Plaintiff Should Not be Permitted to Amend His Complaint to
          Add Dr. Montegrande as a Party Under Rule 15 .................................4

          1.    Amendment of the Complaint Should Not be Permitted
               Based on Plaintiff's Undue Delay ...................................4

          2.    Plaintiff's Motion to Amend the Complaint is in Bad
               Faith ......................................................................7

          3.    Sandoval Will be Prejudiced by The Amendment If
               Plaintiff is Permitted to Proceed in this Litigation
               Against Her .............................................................9

          4.    An Amendment Would be Futile....................................11

III.  HARM FROM DELAY IS REQUIRED TO STATE AN EIGHTH
     AMENDMENT VIOLATION ..........................................................13

IV.   DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY .......................16

# TABLE OF AUTHORITIES

## <u>Cases</u>

*Acri v. International Asso. of Machinists & Aerospace Workers*,
  781 F.2d 1393 (9th Cir. 1986) ................................................................8

*AmerisourceBergen Corp. v. Dialysis West, Inc.*,
  465 F.3d 946  (9th Cir. 2006) ...........................................................6, 10

*Arnold v. IBM Corp.*,
  637 F.2d 1350 (9th Cir. 1981) ...........................................................15

*Ascon Props., Inc. v. Mobil Oil Co.*,
  866 F.2d 1149 (9th Cir. 1989) ...............................................4, 10, 11

*Berry v. Bunnell*,
  39 F.3d 1056 (9th Cir. 1994) (*per curiam*)......................................14

*Bonin v. Calderon*,
  59 F.3d 815 (9th Cir. 1995) ..................................................................7

*Broughton v. Cutter Laboratories*,
  622 F.2d 458 (9th Cir. 1980) ...........................................................12

*Campbell v. Emory Clinic*,
  166 F.3d 1157 (11th Cir. 1999) .........................................................11

*Carey v. Piphus*,
  435 U.S. 247 (1978) .............................................................................16

*Chodos v. W. Publ'g. Co. Inc.*,
  292 F.3d 992 (9th Cir. 2002) ...........................................................5, 6

*City of Reno, Nev. v. Conn*,
  563 U.S. 915 (2011) and opinion reinstated in relevant part,
  658 F.3d 897 (9th Cir. 2011) .............................................................15

*City of Tahlequah, Oklahoma v. Bond*,
  142 S.Ct. 9 (2021) (*per curiam*)  ...............................................16, 17

*Conn v. City of Reno*,
  591 F.3d 1081, 1098-1101 (9th Cir. 2010),
  cert. granted, judgment vacated sub nom ........................................15

*Contact Lumber Co. v. P.T. Moges Shipping Co.*,
  918 F.2d 1446 (9th Cir. 1990) ...........................................................4

*Coreas v. Miller*,
　　536 F. App'x 708 (9th Cir. 2013) ..........................................................................14

*Edwards Lifesciences LLC v. Cook Inc.*,
　　No. C 03-03817 JSW, 2008 WL 913328 (N.D. Cal. Apr. 2, 2008) ....................11

*Estate of Macias v. Ihde*,
　　219 F.3d 1018 (9th Cir. 2000) ...............................................................................15

*Estelle v. Gamble*,
　　429 U.S. 97 (1976) ...................................................................................12, 13, 14

*Farmer v. Brennan*,
　　511 U.S. 825 (1994) ................................................................................................12

*Foman v. Davis*,
　　371 U.S. 178 (1962) ............................................................................................1, 4

*Glesenkamp v. Nationwide Mut. Ins. Co.*,
　　71 F.R.D. 1, 4 (N.D. Cal. 1974), *aff'd*, 540 F.2d 458 (9th Cir. 1976) ..................8

*Hallett v. Morgan*,
　　296 F.3d 732 (9th Cir. 2002) .................................................................................14

*Harmston v. City and County of San Francisco*,
　　No. C 07-01186 SI, 2007 WL 2814596 (N.D. Cal. Sept. 25, 2007) ......................5

*Harper v. City of Los Angeles*,
　　533 F.3d 1010 (9th Cir. 2008) ...............................................................................15

*Hazle v. Crofoot*,
　　727 F.3d 983 (9th Cir. 2013) .................................................................................16

*Hodges v. Corizon Health, Inc.*,
　　837 Fed. Appx. 466 (9th Cir. 2020) ......................................................................14

*Jackson v. Bank of Hawaii*,
　　902 F.2d 1385 (9th Cir. 1990) ...........................................................................5, 10

*Jett v. Penner*,
　　439 F.3d 1091 (9th Cir. 2006) ...............................................................................14

*Kaplan v. Rose*,
　　49 F.3d 1363 (9th Cir. 1995) ...........................................................................10, 11

*La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*,
　　624 F.3d 1083 (9th Cir. 2010) .................................................................................9

SUPPLEMENTAL BRIEF PURSUANT TO COURT ORDER

*Layfield v. Bill Heard Chevrolet Co.,*
   607 F.2d 1097 (5th Cir. 1979) .............................................................. 5

*Lockheed Martin Corp. v. Network Sols., Inc.,*
   194 F.3d 980 (9th Cir. 1999) ................................................................ 7

*Lopez v. Smith,*
   203 F.3d 1122 (9th Cir. 2000) ............................................................ 12

*McGlinchy v. Shell Chem. Co.,*
   845 F.2d 802 (9th Cir. 1988) ................................................................ 3

*McGuckin v. Smith,*
   974 F.2d at 1059 (9th Cir. 1992) ........................................................ 14

*Miller v. Rykoff-Sexton, Inc.,*
   845 F.2d 209 (9th Cir. 1988) .............................................................. 12

*Mir v. Fosburg,*
   646 F.2d 342 (9th Cir. 1980) .............................................................. 10

*Mitchell v. Washington,*
   818 F.3d 436 (9th Cir. 2016) .............................................................. 16

*Mullenix v. Luna,*
   136 S.Ct. 305 (2015) .......................................................................... 16

*Murray v. City of Carlsbad,*
   No. 08-cv-2121 BTM (AJB), 2010 U.S. Dist. LEXIS 64043
   (S.D. Cal. June 28, 2010).................................................................... 9

*Pearson v. Callahan,*
   555 U.S. 223 (2009) .......................................................................... 16

*Rivas-Villegas v. Cortesluna,*
   142 S.Ct. 4 (2021)........................................................................ 16, 17

*Ruiz v. Gap, Inc.,*
   No. 07-5739 SC, 2009 WL 250481 (N.D. Cal., Feb. 3, 2009)............... 3

*Saucier v. Katz,*
   533 U.S. 194 (2001) .......................................................................... 17

*Schneider v. County of San Diego,*
   285 F.3d 784 (9th Cir. 2002) .............................................................. 16

SUPPLEMENTAL BRIEF PURSUANT TO COURT ORDER

*Shapley v. Nev. Bd. of State Prison Comm'rs,*
  766 F.2d 404 (9th Cir. 1985) ...................................................................13, 14

*Sharpe v. Cryer,*
  2023 U.S. Dist. LEXIS 59208 (E.D. Ca. April 4, 2023) ....................................6, 7

*Sharper Image Corp. v. Target Corp.,*
  425 F. Supp. 2d 1056 (N.D. Cal. 2006) .................................................................9

*Solomon v. North American Life & Cas. Ins. Co.,*
  151 F.3d 1132 (9th Cir. 1998) .............................................................................11

*Swanson v. U.S. Forest Serv.,*
  87 F.3d 339 (9th Cir. 1996) ...................................................................................5

*Texaco, Inc. v. Ponsoldt,*
  939 F.2d 794 (9th Cir. 1991) .................................................................................5

*Thomas v. Cty. of San Bernardino,*
  No. 5:19-cv-00167-DMG (SK), 2019 U.S. Dist. LEXIS 223976
  (C.D. Cal. Oct. 29, 2019).........................................................................................5

*Townsend v. Univ. of Alaska,*
  543 F.3d 478 (9th Cir. 2008) ...............................................................................11

*Velasquez v. Barrios,*
  473 Fed. Appx. 773 (9th Cir. June 8, 2012) .......................................................14

*Wakeen v. Hoffman House, Inc.,*
  724 F.2d 1238 (7th Cir. 1984) ...............................................................................3

*Wasco Products, Inc. v. Southwall Technologies, Inc.,*
  435 F.3d 989 (9th Cir. 2006) .................................................................................9

*Wilhelm v. Rotman,*
  680 F.3d 1113 (9th Cir. 2012) .............................................................................12

*Wilkins v. Ramirez,*
  455 F.Supp.2d 1080 (S.D. Cal. 2006) .................................................................15

*WMX Techs v. Miller,*
  104 F.3d 1133 (9th Cir. 1997) .............................................................................14

*Wood v. Housewright,*
  900 F.2d 1332 (9th Cir. 1990) .............................................................................14

*Zivkovic v. S. Cal. Edison Co.,*
  302 F.3d 1080 (9th Cir. 2002) ...............................................................................4

v

**Statutes**

*42 U.S.C.,*

Section 1983 ................................................................1, 12, 15

**Other Authorities**

*Jury Instruction* No. 9.27 ................................................15, 16

**Rules**

*Federal Rules of Civil Procedure,*

Rule 12(b)(6) ........................................................................12

Rule 15(a) ...................................................................1, 4, 7

SUPPLEMENTAL BRIEF PURSUANT TO COURT ORDER

# I.   **PROCEDURAL BACKGROUND**

The events at issue in this case occurred on August 17, 2019 through August 19, 2019 in connection with the diagnosis of Plaintiff's Bell's palsy.  On August 13, 2020, Plaintiff filed his original complaint alleging a violation of 42 U.S.C. § 1983 and medical malpractice against Nurse Sandoval and Dr. Montegrande.  In the screening order dismissing the claim against Dr. Montegrande, this Court stated "As to defendant Montegrande, defendant Montegrande provided Plaintiff with treatment.  Plaintiff's only issue with defendant Montegrande appears to be that she failed to document the encounter, but there is no indication that this failure harmed Plaintiff's health or exposed Plaintiff to a serious risk of harm."  (ECF # 10, p. 7:6-9)  Plaintiff was given leave to amend.  (*Id*. at pp. 9-10)

On December 9, 2020, Pavone & Fonner, LLP substituted in on behalf of the Plaintiff.  (ECF # 14)  When Plaintiff filed the First Amended Complaint on December 9, 2020, through his attorney, he dropped Dr. Montegrande from the case. (ECF #15)  Instead, he named only Nurse Sandoval alleging a violation of 42 U.S.C. § 1983 and medical malpractice.  (ECF # 15)  On March 11, 2021, Plaintiff's counsel filed a second amended complaint again alleging the same claims for a violation of 42 U.S.C. § 1983 and medical malpractice solely against Nurse Sandoval.  (ECF # 31)

On July 2, 2021, the Court issued a scheduling order.  In it, the parties were advised that "any request for amendment under Fed. R. Civ. P. 15(a) must not be (1) prejudicial to the opposing party; (2) the product of undue delay; (3) proposed in bad faith; or (4) futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962)  (ECF # 43 at p. 2)  Discovery cutoff was set for March 30, 2022, with expert discovery cut-off June 30, 2022 and a dispositive motion deadline of August 15, 2022.  (ECF # 43) At Plaintiff's request, the Court modified the scheduling order setting October 21, 2022 as the expert discovery cutoff and December 2, 2022 as the dispositive motion deadline.  (ECF # 59)  When the time came for expert disclosure, Plaintiff requested

a further extension to which defendant agreed. (ECF # 72)  The Court granted the request setting the new deadline for expert discovery cut-off to January 27, 2023 and the new deadline to file dispositive motions to March 14, 2023.   (ECF # 73)  Discovery is now cut-off and Plaintiff's statement that "traditional (non-expert) discovery *appears to have* concluded on March 30, 2022" is more than a little disingenuous.  (See ECF 95-1 at lines 4-5)

According to Plaintiff's motion for leave to amend, "on June 9, 2022, Gutierrez's legal team first detected that there might be an issue with the dosage of medication he was given."  (ECF # 95)  By August 9, 2022, Plaintiff had retained expert neurologist Dr. Gregory Whitman.  (Jeffery Decl., Exh. B)  On September 9, 2022, Dr. Whitman signed a Rule 26 report in which he opined that Dr. Montegrande had prescribed the wrong medication and the wrong dosage of medication.  (Plaintiff's opposition to motion for summary judgment, ECF # 81)

Consistent with the Defendant's position since the very beginning of this case,[1] on March 30, 2023, Defendant filed a motion for summary judgment on the grounds that there was no evidence of deliberate indifference and no evidence that the alleged 40-hour delay in receiving medication to treat his Bell's palsy altered Plaintiff's outcome.  (ECF # 79)  As relevant here, in the motion for summary judgment, Defendant pointed out that Plaintiff's second amended complaint was replete with statements that he received the correct medication.  (ECF # 79; 88-1)  In response to Defendant's motion, Plaintiff conceded part of the admissions, i.e., that Plaintiff was given the correct medications.  He continued, however, to assert that the wrong dosage was prescribed.  (ECF # 81, p. 21:17-22:2)

Plaintiff has now filed a motion for leave to file an amended complaint.  (ECF # 95-1)  In it, he requests the right to withdraw his prior admissions.  This

---

[1] In his moving papers, Plaintiff inexplicably makes reference to this being "defense's new causation argument."  (ECF # 95-1, p. 12, line 10-11)

withdrawal request was not part of what the court ordered when it ordered simultaneous briefing (ECF # 94) and was not anticipated by Defendant.  As such, Defendant requests that the Court defer ruling on any issue involving the renunciation of Plaintiff's prior admissions until such time as Defendant briefs the issue in the opposition to Plaintiff's motion to amend.

## II.  ARGUMENT

### A.  This Court has Already Dismissed the Claims Against Dr. Montegrande

Plaintiff's attempt to amend is procedurally improper and should be denied outright.  *See Ruiz v. Gap, Inc.*, No. 07-5739 SC, 2009 WL 250481, *3 (N.D. Cal., Feb. 3, 2009) (dismissing motion for leave to amend complaint to add a claim that was previously dismissed with prejudice as procedurally improper, finding that motion for reconsideration of the dismissal is the proper remedy); *Wakeen v. Hoffman House, Inc.*, 724 F.2d 1238, 1244 (7th Cir. 1984) (affirming denial of motion for leave to amend where plaintiff sought to amend complaint to reinstate claim that was previously dismissed on summary judgment).

Plaintiff named Montegrande at the outset.  The court dismissed her in its screening order because all Plaintiff alleged against her was that she did not document "the encounters and medication with evil intent in order to hide that Plaintiff's serious medical need ever existed."  (ECF # 10, p. 4:8-11)  In that regard, the court stated "there is no indication that this failure harmed Plaintiff's health or exposed Plaintiff to a serious risk of harm." *Id*. at 7:6-9.  Plaintiff was given 30 days leave to amend.  Plaintiff, through his counsel, chose not to amend as against Dr. Montegrande.  The failure to cure deficiencies when given leave to amend is valid grounds to deny further leave to amend.  *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809-10 (9th Cir. 1988) (court properly denied leave to amend when Plaintiff sought to amend a third time).

Plaintiff should not be permitted to bring Dr. Montegrande back into this case when she was previously dismissed from it.

**B.**     **Plaintiff Should Not be Permitted to Amend His Complaint to Add Dr. Montegrande as a Party Under Rule 15**

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading "only by leave of court or by written consent of the adverse party." While "leave shall be freely given when justice so requires," leave to amend "is not to be granted automatically" and "is subject to several limitations." Fed. R. Civ. P. 15(a); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). The parties were specifically advised in the Scheduling Order over two years ago, that reasons to deny leave to amend include undue delay, bad faith or dilatory motive on the part of the movant, futility of amendment, and prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Each of these factors exists in this case.

Here, where Plaintiff's proposed third amended complaint seeks to contradict the allegations in the second amended complaint, where Plaintiff waited 13 months to seek the amendment while offering no satisfactory explanation for the delay, where Plaintiff waited until after summary judgment was fully briefed for strategic reasons, and where adding a party to this litigation at this late stage would unduly prejudice Defendant, where amendment is futile, this court should deny Plaintiff leave to amend.

**1.**     **Amendment of the Complaint Should Not be Permitted Based on Plaintiff's Undue Delay**

Undue delay is a valid reason for denying leave to amend. *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1454 (9th Cir. 1990). This case screams of undue delay. Indeed, in June 2022, by his own admission, Plaintiff's counsel became suspicious that Dr. Montegrande failed to prescribe the correct medicine. (ECF 95-1) His suspicions were allegedly confirmed by his expert in

August 2022. Yet, Plaintiff only filed leave to amend thirteen months after his suspicion was aroused, without offering any valid reason for this lengthy delay other than that he was focused on Nurse Sandoval. Indeed, the motion to amend was filed after fact discovery closed, after expert discovery closed, and after Defendant filed her motion for summary judgment.

In *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990), the Ninth Circuit stated that a seven-month delay in filing an amended complaint is "inexplicable and unjustified." In *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991), the Ninth Circuit held an eight-month delay between the time of obtaining a relevant fact and seeking leave to amend is unreasonable. *See also Chodos v. W. Publ'g. Co. Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002) (Delay is especially damaging to the plaintiff's motion where the facts were previously available and no reason is given for their exclusion from antecedent complaints); *Thomas v. Cty. of San Bernardino*, No. 5:19-cv-00167-DMG (SK), 2019 U.S. Dist. LEXIS 223976, at *5 (C.D. Cal. Oct. 29, 2019) (failure to seek leave to amend within six months of becoming aware of new claims constitutes "undue" delay); *Harmston v. City and County of San Francisco*, No. C 07-01186 SI, 2007 WL 2814596, at *9 (N.D. Cal. Sept. 25, 2007) (denying plaintiffs' motion to amend to add a defendant after four-month delay, noting, "Plaintiffs have made no attempt to justify this delay," and "[t]hey do not, and cannot, claim that they were unaware of the facts at issue."); *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (9th Cir. 1996) (finding that plaintiff's inexplicably late filing of motion to amend warranted denial of the motion); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979) (affirming denial of leave to amend where facts were known to plaintiff at the time original complaint was filed, and stressing importance of "the duty of an attorney to prepare a case properly and to give the issues full consideration before preparing pleadings.")

1   Moreover, long before counsel's "suspicions" were allegedly raised,

2   Plaintiff's counsel had "reason to know the facts" against Montegrande.  As counsel

3   described them, they were "hiding in plain sight."  (ECF # 95-1, p. 24:17-18)

4   Ignoring the facts because he was focused on a different defendant is hardly a valid

5   excuse.  *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 953 (9th

6   Cir. 2006) (the relevant question is "whether the moving party knew or **should have**

7   **known the facts** and theories raised by the amendment in the original pleading.");

8   *Chodos v. West Publishing*, 292 F.3d 992, 1003 (9th Cir. 2002) ("Delay is especially

9   damaging to the plaintiff's motion where **the facts were previously available** and

10  no reason is given for their exclusion from antecedent complaints.") (Emphasis

11  added.)

12   Rather than simply acknowledge that Plaintiff's lengthy delay in this case is a

13  factor that weighs against permitting an amendment, Plaintiff opines that "one of the

14  main litigation objectives of the defense is delay… ."  For this clearly baseless

15  argument, Plaintiff cites this court's decision in *Sharpe v. Cryer,* 2023 U.S. Dist.

16  LEXIS 59208 (E.D. Ca. April 4, 2023).  In *Sharpe*, this court noted that "such delay

17  will mostly affect Plaintiff, rather than prejudice Defendants, who have failed to

18  articulate specific prejudice resulting from this delay and what degree of associated

19  litigation costs they expect to incur."  This Court did not state that the main

20  objective of the defense is delay or that plaintiffs are the only ones hurt by delay.

21  Indeed, such a concept would be wholly contrary to the multitude of Ninth Circuit

22  decisions cited above which recognize that defendants, as well as plaintiffs, are

23  entitled to have their cases heard in a timely manner.

24   Plaintiff also relies on the *Sharpe* case as "procedurally similar and

25  educational."  The *Sharpe* case, however, is distinguishable on at least three

26  significant grounds.  First, it involved a pro per Plaintiff who had very limited

27  ability to conduct discovery.  In this case, Plaintiff is represented by a very capable

28  attorney who had over 18 months to conduct discovery.  (ECF ## 14, 43)  Second,

1  in *Sharpe* the pro per plaintiff filed his motion to amend within one month of

2  learning the identity of a potential defendant.  In this case, Plaintiff has known about

3  the role played by Dr. Montegrande in this case since the outset, and even accepting

4  his statement as true that he only learned about the incorrect dosage issue in June

5  2022, he still waited 13 months to file a motion for leave to amend the complaint.

6  Third, in *Sharpe*, Plaintiff had not previously amended his complaint.  If Plaintiff is

7  allowed to amend in this case, it will be the fourth time he has done so.  There is

8  simply no valid reason for such delay and Plaintiff should not be permitted to amend

9  his complaint at this late date.

10          **2.      Plaintiff's Motion to Amend the Complaint is in Bad Faith**

11          In the context of a motion to amend under Rule 15, "bad faith" generally

12  refers to efforts to amend the pleadings late in the litigation in order to obtain an

13  unfair tactical advantage.  *See Lockheed Martin Corp. v. Network Sols., Inc.,* 194

14  F.3d 980, 986 (9th Cir. 1999) ("Where a party seeks to amend their complaint to

15  allege theories on which discovery has not been undertaken to avoid an adverse

16  summary judgment ruling, a court may find bad faith"); *Bonin v. Calderon*, 59 F.3d

17  815, 846 (9th Cir. 1995) (bad faith shown where petitioner sought leave to amend

18  late in the litigation after suffering an adverse ruling).

19          Plaintiff admits that he suspected in June 2022 that his injuries were caused

20  by Dr. Montegrande's failure to provide the correct treatment, which theory was

21  confirmed by Plaintiff's expert.  (ECF 95-1)  Yet, as a tactical matter, Plaintiff

22  decided that "rather than upset the procedural apple cart by trying to add

23  Montegrande" to the case, he would continue to blame Sandoval for his injuries,

24  contrary to his own expert's opinion.[2]  (ECF # 95-1, p. 13:8-12)  That is, Plaintiff's

25  expert specifically testified that had Plaintiff received a high-dose prednisone when

26  _____

27  [2] Even in his motion to amend, Plaintiff continues to make the unsupported claim
   that plaintiff's current condition was caused by Sandoval.  (ECF # 95-1 at p. 8:13-
   14)

28

Dr. Montegrande saw Plaintiff on August 19, 2020, it "is medically probable that [Plaintiff] would have gotten the full recovery that we expect, based on the Sullivan literature." (Jeffery Decl., Exh. A).  By definition, this means that the alleged 40-hour delay attributed to Nurse Sandoval did not cause Plaintiff's injuries.  Moreover, contrary to Plaintiff's representation, there is no "debate in the medical literature" about whether a 40-hour delay is harmful and Plaintiff's expert has unequivocally admitted this fact.  (Jeffery Decl., Exh. C)  Despite this knowledge, Plaintiff has continued to vindictively and doggedly pursue Sandoval rather than move to bring Montegrande into the case.  Indeed, Plaintiff had all of the information he needed to bring Montegrande into the case in June 2022 – nine full months before Defendant filed her motion for summary judgment and yet, Plaintiff made no effort to do so.  Furthermore, since the inception of this litigation, counsel for defendant has repeatedly advised plaintiff's counsel that it was her position that the case would rise and fall on whether the alleged 40-hour delay caused Plaintiff any harm.  Indeed, on June 24, 2022, Defense counsel sent an email to Plaintiff's counsel advising that she intended to bring a motion for summary judgment on the issue of causation and lack of facts supporting a deliberate indifference claim.  (Jeffery Decl., ¶ 5)  Despite having this advance knowledge and despite then "suspecting" that the medication dosage was the problem, Plaintiff's counsel took no action to amend the complaint.

This conduct is the epitome of bad faith.  *Acri v. International Asso. of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (amendment disallowed where the delay in amendment was a tactical choice brought specifically to avoid the possibility of an adverse summary judgment ruling).  See also *Glesenkamp v. Nationwide Mut. Ins. Co.*, 71 F.R.D. 1, 4 (N.D. Cal. 1974) ("The liberal amendment policy of the Federal Rules was not intended to allow a party to circumvent the effects of summary judgment by amending the complaint every time a termination of the action threatens"), *aff'd*, 540 F.2d 458

(9th Cir. 1976); *La Asociacion de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010) (holding that the plaintiff "may not effectively amend its Complaint by raising a new theory . . . in its response to a motion for summary judgment"); *Wasco Products, Inc. v. Southwall Technologies, Inc.*, 435 F.3d 989, 992 (9th Cir. 2006) ("Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings.").

Plaintiff's attempt to justify his wait and see approach as a necessary survival tactic used in war time is entirely unhelpful.  It isn't a legal argument nor is it supported by legal authority.  It is simply hyperbole intended to justify his Fabian tactics.[3]

Plaintiff's admitted "tactical" decision to pursue Sandoval rather than Montegrande, knowing that Sandoval's actions did **not** cause Plaintiff's injuries, combined with his delay in bringing Dr. Montegrande into this case unequivocally demonstrate Plaintiff's bad faith.

### 3. <u>Sandoval Will be Prejudiced by The Amendment If Plaintiff is Permitted to Proceed in this Litigation Against Her</u>

"Prejudice typically arises where the opposing party is surprised with new allegations which require more discovery or will otherwise delay resolution of the case." *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1080 (N.D. Cal. 2006) (finding prejudice where amendment would lead to another round of case-dispositive motions, and the set trial date would be lost.).  "Examples of prejudice include the nullification of completed discovery, the need for additional discovery, and the presentation of a new theory of liability." *Murray v. City of Carlsbad*, No.

---

[3]  Fabian tactics refer to a strategy used in warfare that involves avoiding direct confrontations with an enemy and instead employing methods of delay, evasion, and harassment to gradually wear down the opponent.  These tactics are named after the Roman general Quintus Fabius Maximus, who successfully employed them against the Carthaginian general Hannibal during the Second Punic War (218–201 BC).

08-cv-2121 BTM (AJB), 2010 U.S. Dist. LEXIS 64043, at *5 (S.D. Cal. June 28, 2010); *see also Jackson, supra,* 902 F.2d at 1388 (finding amendment prejudicial where additional claims advanced different legal theories and required proof of different facts, necessitating additional discovery, and noting opportunity costs to defendant, whose officers had to spend more time in discovery rather than engaging in their normal duties.).

Defendant has answered discovery, taken Plaintiff's deposition, retained an expert, deposed Plaintiff's expert, and filed a motion for summary judgment.  If Plaintiff is permitted to amend, and Defendant Sandoval is not dismissed from the case, Defendant will have to conduct further discovery, and retain a new expert, all of which will result in yet another delay in going to trial.  Plaintiff claims "Assuming the parties can work together in a reasonably cooperative manner, the amendment should delay the case for a year or less to the point of trial."  (ECF # 95-1) Further, Dr. Montegrande will likely bring a motion to dismiss for failure to exhaust as Plaintiff did not identify any issue with the medication given in his grievance.  This is likely to result in an even longer delay.

This expense, delay and "wear and tear on individuals and companies count toward prejudice."  *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1995).  See *AmerisourceBergen, supra*, 465 F.3d at 954 (finding prejudice where allowing the plaintiff to "advance different legal theories and require proof of different facts" would have "unfairly imposed potentially high, additional litigation costs"); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) ("To put Mobil 'through the time and expense of continued litigation on a new theory, with the possibility of additional discovery,' would cause undue prejudice."); *Jackson*, *supra*, 902 F.2d at 1388 ("Putting the defendants through the time and expense of continued litigation on a new theory, with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial." (internal quotation marks and citation omitted)); *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980) ("At some

1  point, a party may not respond to an adverse ruling by claiming that another theory

2  not previously advanced provides a possible ground for relief and should be

3  considered.")  The prejudice is amplified where the new legal theory could have

4  been presented previously.  *Kaplan*, 49 F.3d at 1370 ("[L]ate amendments to assert

5  new theories are not reviewed favorably when the facts and the theory have been

6  known to the party seeking amendment since the inception of the cause of action.");

7  *Edwards Lifesciences LLC v. Cook Inc.*, No. C 03-03817 JSW, 2008 WL 913328,

8  *3 (N.D. Cal. Apr. 2, 2008) (finding prejudice where amended answer would

9  require additional fact discovery and cause plaintiff to incur additional legal costs

10  that could have been prevented if new affirmative defense had been asserted

11  previously).  *Solomon v. North American Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139

12  (9th Cir. 1998) (The courts have held that a motion to amend "on the eve of the

13  discovery deadline" is properly denied because it requires reopening discovery,

14  thereby delaying the proceedings.);  *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d

15  1149, 1160 (9th Cir. 1989) (finding prejudice, in part, where defendant had already

16  incurred substantial litigation costs and would be required to go through the time

17  and expense of continued litigation on a new theory); *Campbell v. Emory Clinic*,

18  166 F.3d 1157, 1162 (11th Cir. 1999) ("prejudice and undue delay are inherent in an

19  amendment asserted after the close of discovery….")

20      The fact that an individual is named in this lawsuit makes the delay even

21  more prejudicial.  If Nurse Sandoval seeks to obtain a loan or a new job, she will be

22  required to reveal the existence of this lawsuit and depending on the questions

23  posed, the possibility of being subject to a punitive damage award.  Under such

24  circumstances, she has the right and the incentive to bring this litigation to an end as

25  soon as possible and is unfairly prejudiced by its continuation.

26      **4.  <u>An Amendment Would be Futile</u>**

27      "Leave to amend need not be granted . . . where the amendment would be

28  futile."  *See Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008).  The

"proper test [for] determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Adding Dr. Montegrande at this late date to the Section 1983 claim would be futile.

Plaintiff seeks to amend claiming that Dr. Montegrande prescribed the wrong dose of medication to treat Plaintiff's Bell's palsy. Ever since *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976), however, the law has been absolutely clear that a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *See also Farmer v. Brennan*, 511 U.S. at 835-36 & n.4 (1994) (recognizing that neither negligence nor gross negligence will constitute deliberate indifference)*; Wilhelm v. Rotman,* 680 F.3d 1113, 1116 (9th Cir. 2012) (Mere allegations of improper treatment or diagnosis against a doctor or other medical professional "cannot support a deliberate indifference claim because they amount to a claim of negligence."); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (misdiagnosis and prescription of incorrect medicine, without more, is not a basis for a Section 1983 action).

Plaintiff now seeks to bootstrap what is an obviously inadequate incorrect treatment theory into deliberate indifference by claiming the following facts: 1) Montegrande did not initially document her encounter with Plaintiff; 2) On August 26, 2019, after the Prison Litigation Office questioned CCHCS about Plaintiff's care, Dr. Montegrande documented the encounter; and 3) Dr. Montegrande's documentation of her encounter with Plaintiff did not include any mention of Nurse Sandoval's encounter with Plaintiff. No matter how much Plaintiff would like to spin these facts to meet a test of deliberate indifference, he cannot do so. At most,

1  even accepting the unsupported conclusion that Dr. Montegrande knew about
2  Sandoval's visit and had some obligation to record it, these facts do not demonstrate
3  deliberate indifference.  Furthermore, given that the visit was documented within six
4  days, Plaintiff has no credible argument that this lapse in documentation caused him
5  any harm as this court already held in its screening order.  (EFC # 10)  It is likely
6  that this was the very reason that Plaintiff did not seek to amend his complaint in
7  June 2022, i.e., he knew that there is no evidence that Dr. Montegrande's failure to
8  prescribe the correct medicine and failure to immediately document the encounter
9  were not the stuff of which deliberate indifference claims are made and that this
10  court already made that determination.

11      Where Plaintiff's proposed third amended complaint seeks to contradict the
12  allegations in the second amended complaint, where Plaintiff waited 13 months to
13  seek the amendment while offering no satisfactory explanation for the delay, where
14  Plaintiff waited until after summary judgment was fully briefed for no explicable
15  reason, and where adding a party to this litigation at this late stage will delay
16  resolution of this litigation for at least a year, according to Plaintiff's estimate and
17  remain hanging over Nurse Sandoval's head, and where the amendment would be
18  futile, this court should deny Plaintiff's motion for leave to amend.

19  **III.   HARM FROM DELAY IS REQUIRED TO STATE AN EIGHTH**
20  **AMENDMENT VIOLATION**

21      The Eighth Amendment prohibits the imposition of cruel and unusual
22  punishments.  In *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), the Supreme Court
23  held that deliberate indifference to serious medical needs of prisoners constitutes the
24  "unnecessary and wanton infliction of pain" which the eighth amendment
25  proscribes.  In *Estelle,* the Supreme Court held:  "In order to state a cognizable
26  claim, a prisoner must allege acts or omissions *sufficiently harmful* to evidence
27  deliberate indifference to serious medical needs."  The Ninth Circuit in *Shapley v.*
28  *Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985), following

*Estelle*, confirmed that to recover for a denial or delay in treatment under the Eighth Amendment, the plaintiff must prove that the denial or delay was harmful.

The cases supporting the principal that harm is an element of an Eighth Amendment violation as established in *Estelle* and *Shapley* are legion.  See *McGuckin v. Smith*, 974 F.2d at 1059-61 (9th Cir. 1992), overruled on other grounds in *WMX Techs v. Miller,* 104 F.3d 1133 (9th Cir. 1997)  ("[When] a claim alleges 'mere delay of surgery,' a prisoner can make 'no claim for deliberate medical indifference unless the denial was **harmful**.'"); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (Deliberate indifference may be satisfied by showing (1) "a purposeful act or failure to respond to a prisoner's pain or possible medical need" **and** (2) "**harm** caused by the indifference."); *Hallett v. Morgan*, 296 F.3d 732, 745-746 (9th Cir. 2002) (to prevail on an Eighth Amendment claim, the prisoner must show that the delay caused "**significant harm** and that Defendants should have known this to be the case");[4] *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994) (*per curiam*) (affirming summary judgment where the plaintiff failed to show that delays of two hours and one day in providing antibiotics for plaintiff's bladder infection caused any **harm**); *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (delay in treatment does not constitute Eighth Amendment violation unless it causes **harm**); *Hodges v. Corizon Health, Inc.*, 837 Fed. Appx. 466, 469 (9th Cir. 2020) ("He has not shown that this isolated incident caused any **harm**.  Therefore, he hasn't shown deliberate indifference.")  *Coreas v. Miller*, 536 F. App'x 708, 709 (9th Cir. 2013) (affirming summary judgment where plaintiff "failed to raise a

---

[4] While the Ninth Circuit in *McGuckin, supra*, 974 F.2d at 1060-1061, held in 1992 that a showing of "substantial" harm was not necessary, ten years later, the Ninth Circuit in *Hallett v. Morgan, supra*, 296 F.3d at 745-746 (9th Cir. 2002), held "significant" harm was part of the required showing for an Eighth Amendment deliberate indifference claim.  See also *Velasquez v. Barrios*, 473 Fed. Appx. 773, 774 (9th Cir. June 8, 2012) (stating that when "a claim is based on a delay in treatment, such a delay only rises to a constitutional violation if it caused the prisoner 'substantial harm.'").

genuine dispute of material fact as to whether a one-day delay in changing [plaintiff's] bandages following knee surgery caused him to contract cellulitis or to **suffer further injury and undue pain**"); *Wilkins v. Ramirez*, 455 F.Supp.2d 1080, 1110 (S.D. Cal. 2006) (while the harm need not be "substantial," the "Eighth Amendment is only violated if 'delays occurred to patients with problems so severe that delays would cause **significant harm** and that Defendants should have known this to be the case.'" )

The Manual of Model Jury Instructions for the Ninth Circuit further demonstrates that "harm" is an element of an Eighth Amendment violation. Instruction 9.27 states that "plaintiff must prove the following additional elements by a preponderance of the evidence: …3.  the [act[s] [failure to act] of the defendant *caused harm* to the plaintiff."  (Emphasis supplied.)  Further, "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury."  *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).  The causation requirement of Section 1983 is not satisfied by a showing of mere causation in fact.  *Arnold v. IBM Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).  "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation."  *Harper*, 533 F.3d at 1026; *see also Conn v. City of Reno*, 591 F.3d 1081, 1098-1101 (9th Cir. 2010), cert. granted, judgment vacated sub nom.  *City of Reno, Nev. v. Conn*, 563 U.S. 915 (2011) and opinion reinstated in relevant part, 658 F.3d 897 (9th Cir. 2011).  The evidence submitted in the summary judgment demonstrated that the 40-hour alleged delay in treatment and diagnosis did not harm the Plaintiff.

The cases cited by the Court in its July 12, 2023 Order are distinguishable as they did not arise under the Eighth Amendment.  In *Estate of Macias v. Ihde*, 219 F.3d 1018, 1028 (9th Cir. 2000), the case involved the Equal Protection Clause.  In that case, the Court held that "[t]here is a constitutional right, however, to have police services administered in a nondiscriminatory manner - a right that is violated

1   when a state actor denies such protection to disfavored persons."  Similarly, *Hazle v.*
2   *Crofoot*, 727 F.3d 983 (9th Cir. 2013), arose under the First Amendment as the
3   parolee was required to attend a faith-based treatment program and was re-
4   incarcerated when he refused to do so.  The *Hazle* court found that Plaintiff had
5   suffered actual injury by his re-incarceration and thus, was entitled to compensatory
6   damages.  In dictum, the *Hazle* court stated that Hazle was at least entitled to
7   nominal damages citing *Carey v. Piphus*, 435 U.S. 247, 266-267 (1978).  *Carey* was
8   a procedural due process case.  The *Hazle* Court also cited *Floyd v. Laws*, 929 F.2d
9   1390, 1402 (9th Cir. 1991) and *Schneider v. County of San Diego*, 285 F.3d 784 (9th
10  Cir. 2002), also due process cases.  In the case before this court, as demonstrated by
11  Jury Instruction No. 9.27, "harm" is an essential element of Plaintiff's proof.

## IV.   DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY

13       Nurse Sandoval is entitled to qualified immunity if it was not "clearly
14  established" that her actions would violate Plaintiff's constitutional rights.  *Mitchell*
15  *v. Washington*, 818 F.3d 436, 446 (9th Cir. 2016).  Should this Court determine that
16  harm is not a requirement of a deliberate indifference Eighth Amendment claim,
17  Nurse Sandoval's summary judgment should be granted under the doctrine of
18  qualified immunity.  The doctrine of qualified immunity shields government
19  officials from liability for conduct that "does not violate clearly established statutory
20  or constitutional rights of which a reasonable person would have known."  *Pearson*
21  *v. Callahan*, 555 U.S. 223, 231 (2009) (quotation marks omitted).
22       Significantly, the Supreme Court has instructed courts to consider whether the
23  law is clearly established "in light of the specific context of the case, not as a broad
24  general proposition."  *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) (quotation marks
25  omitted).  Two recent decisions from the Supreme Court have clarified what it
26  means for a right to be "clearly established."  *See City of Tahlequah, Oklahoma v.*
27  *Bond*, 142 S.Ct. 9, 11 (2021) (*per curiam*) ("*Bond*") and *Rivas-Villegas v.*
28  *Cortesluna*, 142 S.Ct. 4 (2021) (*Cortesluna*).  Both cases emphasize long standing

precedent that clearly established law cannot be defined at too "high [a] level of generality." *Bond*, 142 S.Ct. at 11; *Cortesluna,* 142 S.Ct. at 7. "It is not enough that a rule be suggested by then-existing precedent; the 'rule's contours must be so well defined that it is 'clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" *Bond*, 142 S.Ct. at 11 *quoting Saucier v. Katz*, 533 U.S. 194, 202 (2001) (internal quotations omitted). In that regard, Defense counsel's research did not reveal a single published opinion in the Supreme Court or the Ninth Circuit which permitted an Eighth Amendment deliberate indifference claim to proceed without a showing of "harm." As such, Nurse Sandoval is entitled to qualified immunity.

Dated:  August 2, 2023                    REILY & JEFFERY, INC.


                                          */s/ Janine K. Jeffery*
                                          Janine K. Jeffery
                                          Attorney for Defendant

SUPPLEMENTAL BRIEF PURSUANT TO COURT ORDER