1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO GUTIERREZ, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>M. SANDOVAL,<br><br>    Defendant. | Case No. 1:20-cv-01130-JLT-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND TO GRANT PLAINTIFF'S MOTION FOR LEAVE TO AMEND IN PART<br><br>(Docs. 113, 79, 95) |

## I. BACKGROUND

Antonio Gutierrez, Jr., is proceeding *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. As alleged in Plaintiff's Second Amended Complaint (Doc. 31), this case proceeds on Plaintiff's claim against Defendant Sandoval, a nurse, for deliberate indifference to his serious medical needs in violation of the Eighth Amendment and Plaintiff's claim against Defendant for medical malpractice based on allegations that Defendant failed to provide or summon care for Plaintiff on August 17, 2019. (Docs. 26 & 31.)

Plaintiff alleged that on Saturday, August 17, 2019, he became aware that the right side of his face was numb, that most of his facial muscles on the right side of his face were paralyzed, and he could not blink his right eye. Plaintiff was taken to the medical clinic, where he was seen by Defendant. "After some cursory tests and a check of his electronic medical records, Sandoval pronounced Gutierrez to be "healthy," told him to return to his cell and drink some water and

advised him that his condition (which she did not name) would eventually 'heal itself.'" (Doc. 31, 4–5.)

However, Plaintiff's symptoms worsened. The following Monday, August 19, 2019, Plaintiff was seen by Dr. Faye Montegrande, who "quickly" diagnosed Plaintiff with Bell's Palsy and provided medication. (*Id.* at 5.) However, Plaintiff "continues to suffer facial numbness, pain, and paralysis. His smile is uneven, his right eyelid twitches constantly, and his entire face has a 'droopy' appearance that it did not have previously." (*Id.*)

On March 14, 2023, Defendant filed a motion for summary judgment "on the grounds that Defendant is entitled to judgment as a matter of law because there is no evidence that Defendant Sandoval was deliberately indifferent to the serious medical needs of the Plaintiff and there is no medical evidence that the lapse of 40 hours between the onset of Plaintiff's symptoms and his treatment made any difference in Plaintiff's outcome." (Doc. 79 at 2.) The same day, Defendant filed an amended declaration of Janine K. Jeffery in support of the motion. (Doc. 80.) On March 29, 2023, Plaintiff filed his opposition. (Doc. 81, 82, 87) On April 17, 2023, Defendant filed her reply. (Doc. 88.) The Court held a hearing on the motion on May 12, 2023. (Doc. 90.)

Additionally, on July 28, 2023, Plaintiff filed a motion for leave to file a Third Amended Complaint (TAC), seeking to add Dr. Faye Montegrande as a defendant as well as to remove certain admission in the Second Amended Complaint (SAC). (Doc. 95.) Defendant Sandoval filed an opposition on August 11, 2023. (Doc. 100.) Plaintiff filed a reply on August 21, 2023. (Doc. 101.) The Court held a hearing on the motion on September 15, 2023. (Doc. 103.)

## II.     FINDINGS AND RECOMMENDATIONS

On January 29, 2024, the assigned magistrate judge entered Findings and Recommendations, recommending that Defendant's motion for summary judgment be denied and that Plaintiff's motion for leave to amend be granted in part and denied in part. (Doc. 113.) As to Defendant's motion, the magistrate judge found that Plaintiff's evidence creates genuine disputes of fact as to whether Plaintiff was harmed by Nurse Sandoval's failure to provide proper medical care, notwithstanding that Dr. Montegrande had a later opportunity to provide that care.

1  (Doc. 113 at 18.) Construing disputed facts in favor of Plaintiff, the magistrate concluded that
2  Nurse Sandoval's actions (or lack thereof) deprived Plaintiff of medical treatment needed to treat
3  his serious medical condition within the critical window of time. (*Id.*)

4        With respect to Plaintiff's motion for leave to amend the complaint, the magistrate judge
5  found at an Eighth Amendment claim against Dr. Montegrande would ultimately be futile and
6  that Defendant Sandoval would be prejudiced by adding another defendant to the case that has
7  been pending since 2020. (*Id.* at 10.)

8        But another reason why Plaintiff sought leave to file a TAC was because it alters the
9  factual allegations regarding Dr. Montegrande's treatment of Plaintiff, which may be relevant to
10 Plaintiff's pending claims against Defendant Sandoval. (*Id.*) Specifically, while Plaintiff's
11 current operative complaint asserted that Dr. Montegrande provided the correct medications
12 when she treated Plaintiff, the TAC alleges that Dr. Montegrande's prescriptions were incorrect
13 both in type of medication and dosage. (*Id.*) Plaintiff asserted that his counsel learned that Dr.
14 Montegrande's prescription was in error when Plaintiff's expert witness prepared an expert
15 report in this case. (*Id.* at 11.) Plaintiff's expert disclosed this theory to Defendant in his expert
16 report dated September 9, 2022 (Doc. 81-4), and Defendant's expert had an opportunity to
17 address this theory in Defendant's rebuttal expert report and during expert discovery. (Doc. 113
18 at 11.) Because Defendant had notice of this theory and opportunity to rebut it in the context of
19 expert reports and briefing, the magistrate judge recommended granting Plaintiff's motion for
20 leave to amend his complaint to proceed with the TAC for the purpose of amending Plaintiff's
21 factual allegations to conform to the evidence and expert opinion learned after Plaintiff filed his
22 complaint in this action. (*Id.*)

23 **III.   OBJECTIONS**

24       On February 20, 2024, both Defendant and Plaintiff filed their objections. (Docs. 116 &
25 117.)

26       Defendant objected to both the denial of summary judgment and the grant of Plaintiff's
27 motion for leave to amend. (Doc. 116 at 1.) Defendant also asked that, if the Findings and
28 Recommendations are adopted in full, she be given the right to file an answer to the new

1  complaint, conduct discovery on the new issues raised, and challenge the new complaint by way
2  of summary judgment. (*Id.*)
3        In his objections, Plaintiff argues that a jury should decide whether Dr. Montegrande's
4  care rises to the level of a plausible deliberate indifference claim. (Doc. 117 at 5.) Plaintiff
5  acknowledges that adding Dr. Montegrande as a defendant would require re-opening discovery,
6  however, he proposes that the Court "bifurcate the two defendants' cases, in order to allow the
7  case against Sandoval to proceed to trial, and to permit an Eighth Amendment case against
8  Montegrande to trail that outcome." (*Id.* at 6.)

## IV. RESPONSES TO OBJECTIONS.

      On March 5, 202024, both Defendant and Plaintiff filed Responses to their respective objections. (Docs. 118 & 119.)

      Defendant contends, among other things, that all Rule 15 factors weigh against granting Plaintiff leave to amend and that the Court "should not permit Plaintiff to add Dr. Montegrande as a Defendant as it would be futile, Plaintiff unduly delayed bringing the motion, brought the motion in bad faith, and it will prejudice Nurse Sandoval." (Doc. 118 at 11.) Defendant also argues against bifurcating the cases against Defendant Sandoval and Defendant Montegrande because it creates a possibility of inconsistent verdicts and would make highly likely the possibility of "different monetary awards even though the injury at issue is identical in both cases." (*Id.*)

      In his response, Plaintiff maintains that because "Sandoval materially stripped Gutierrez of his opportunity to avoid suffering a permanent injury by eating up most of the available time to dodge this Bell's palsy bullet . . . and consistent with general tort principles that a secondary act of negligence does not absolve the primary tortfeasor, Sandoval is still liable." (Doc. 119 at 9–10.) Plaintiff also argues that he acted diligently in both not pleading and then in seeking leave to amend to include the Eighth Amendment claim against Dr. Montegrande: "In 2022, there was no case to be made; in 2023, with the dosage mistake and the monitoring mistake, an Eighth Amendment case was possible." (*Id.* at 10–11.) Plaintiff further argues that he did not act in bad faith, that the Rule 15 factors weigh in his favor, and that Defendant Sandoval would not be

4

1  prejudiced if the case against Dr. Montegrande is bifurcated. (*Id.* at 25.)

2  **V.  ORDER**

3  According to 28 U.S.C. § 636(b)(1)(C), this Court conducted a de novo review of this
4  case. Having carefully reviewed the entire matter, the Court concludes the Findings and
5  Recommendations are supported by the record and proper analysis.

6  First, the Court finds wholly unpersuasive Defendant's objections to the magistrate
7  judges' recommendation to deny the Defense motion for summary judgment. Defendant
8  advances a myopic view of the evidence that all but disregards the declaration of Defense expert
9  Carol Ingalls. Though Defendant objected to the Ingalls' declaration on hearsay grounds (*see,*
10 *e.g.*, Doc. 88-2 at 6), this objection was non-specific, as the magistrate judge indicated (*see* Doc.
11 113 at 15 n. 6).

12 As for the magistrate judge's recommendation regarding the motion to amend, the Court
13 finds that the recommendation correctly denied leave to amend to add Dr. Montegrande as a
14 defendant. As the magistrate judge indicated, granting leave to allege an Eighth Amendment
15 claim against Dr. Montegrande would be futile:

16 > While these allegations go further than the original complaint in alleging harm to the Plaintiff, the Court finds that amendment to assert an Eighth Amendment claim would ultimately be futile. Even according to the TAC, Dr. Montegrande attempted to treat Plaintiff's condition, including diagnosing his condition and promptly prescribing medication. Even if Dr. Montegrande's prescription was incorrect, such action would amount at most to medical negligence (discussed below). Similarly, while Plaintiff alleges that Dr. Montegrande failed to document the encounter, there are no facts indicating that this failure was purposeful or intended to harm Plaintiff. While Plaintiff's complaint speculates on potential ill-motives she might have had for failing to document the encounter, including to cover-up Sandoval's failure to treat Plaintiff, there are no facts supporting such an allegation. The lack of supporting facts is especially noteworthy as the current parties have concluded discovery.

25 (Doc. 113 at 10.) Nothing in Plaintiff's objections or responses convincingly overcomes this
26 reasoning.

27 Finally, the Court agrees with the recommendation to allow Plaintiff to amend the
28 complaint to conform his factual allegations to the evidence revealed in discovery, namely that

1 the prescriptions provided by Dr. Montegrande were incorrect both in type and dosage. As the
2 Findings and Recommendations explain, Defendant has been on notice of the new information
3 that will form the basis of these new factual allegations since September 2022. (*See* Doc. 113 at
4 11.) Nor will this new allegation somehow improperly allow Plaintiff to hold Nurse Sandoval
5 responsible for the acts of Dr. Montegrande. (Doc. 116 at 23 (arguing that the Findings and
6 Recommendations "indicate[] that state law permits Nurse Sandoval to be liable for the acts of
7 Dr. Montegrande").) This is not reflected in the Findings and Recommendations. Rather, the
8 magistrate judge reasoned, correctly, that the new evidence is relevant to rebut the obviously
9 brewing defense that Nurse Sandoval's own failure to provide proper medical care caused
10 Plaintiff little to no actual harm because he could not have been spared ongoing Bells Palsy
11 symptoms even if he had been promptly treated. (*See* Doc. 113 at 18 ("[T]he Court recommends
12 allowing Plaintiff to proceed on his claims because Plaintiff has put forth sufficient evidence that
13 Plaintiff was harmed by Nurse Sandoval's failure to provide proper medical care,
14 notwithstanding that Dr. Montegrande had a later opportunity to provide that care. Construing
15 disputed facts in favor of Plaintiff, Nurse Sandoval's actions (or lack thereof) deprived Plaintiff
16 of medical treatment needed to treat his serious medical condition within the critical window of
17 time.

18   Moreover, the Court has found no legal support for Nurse Sandoval's defense that she is
19 not liable so long as someone later in the chain also failed to provide adequate care. The Court
20 finds Defendant's remaining objections uncompelling and will leave to the magistrate judge in
21 the first instance the related questions of whether (1) discovery should be re-opened to allow the
22 Defense to further explore the facts underlying these "new" allegations; and
23 (2) whether there will, after amendment, (a) remain any admissions that may conflict with the
24 new allegations and (b) what to do about those admissions. Thus, the Court **ORDERS**:

25   1.   The Findings and Recommendations issued on January 29, 2024 (Doc. 113) are
26        **ADOPTED** in full.
27   2.   Defendant's Motion for Summary Judgment (Doc. 79) is **DENIED**.
28   3.   Plaintiff's Motion for Leave to Amend (Doc. 95) is **GRANTED** in part and **DENIED**

in part, so that Plaintiff is allowed to proceed on his Third Amended complaint for the claims asserted against current Defendant Sandoval, but without adding Dr. Montegrande as a defendant.

IT IS SO ORDERED.

Dated:   **March 29, 2024**

UNITED STATES DISTRICT JUDGE