UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO GUTIERREZ, JR.,<br><br>                Plaintiff,<br><br>        v.<br><br>M. SANDOVAL,<br><br>                Defendant. | Case No. 1:20-cv-01130-JLT-EPG<br><br>ORDER GRANTING DEFENDANT'S MOTION REQUESTING TO REOPEN DISCOVERY RE: PLAINTIFF'S NEW CASE THEORY<br><br>(ECF No. 133) |

Plaintiff Antonio Gutierrez, Jr. is proceeding *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Before the Court is Defendant's Motion Requesting to Reopen Discovery Re Plaintiff's New Case Theory. (ECF No. 133). For the reasons set forth below, the Court grants Defendant's motion.

**I.    LEGAL STANDARDS**

   **A.  Scope of Discovery**

Federal Rule of Civil Procedure 26(b) governs the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

1

burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

### B. Interrogatories

Rule 33(b) permits a party to issue interrogatories "relat[ing] to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(b). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ." Fed. R. Civ. P. 33(a)(2). Further, each interrogatory must be answered "fully" and objections "to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(3)–(4).

### C. Requests for Production

Rule 34(a) permits a party to request the production or inspection of, among other things, "any designated documents or electronically stored information" within the responding party's possession, custody, or control. Fed. R. Civ. P. 34(a)(1)(A). "An objection must state whether any responsive materials are being withheld on the basis of that objection," and "[a]n objection to *part* of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C) (emphasis added). Further, "[a]s provided in Rule 45, a non-party may be compelled to produce documents and tangible things or to permit inspection." Fed. R. Civ. P. 34(c).

### D. Motions to Compel

Rule 37 permits "a party seeking discovery [to] move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Sablan v. Dep't of Fin. of Com. of N. Mariana Islands*, 856 F.2d 1317, 1321 (9th Cir. 1988) (internal citation and quotation marks omitted).

### E. Requests for Admission

Rule 36(a) permits a party to issue requests to admit "the truth of any matters within the scope of Rule 26(b)(1) relating to: fact, the application of law to fact, or opinions about either; and the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1)(A)-(B). Rule 36 further provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). "A party must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5).

## II. DISCUSSION

Defendant Sandoval seeks to serve discovery related to allegations in Plaintiff's Third Amended Complaint that Dr. Montegrande, who is not a defendant in the lawsuit, gave Plaintiff the incorrect medication when she treated Plaintiff. Specifically, Defendant Sandoval seeks to re-open discovery for the limited purpose of ascertaining:

1) The identification and production of all documents which support Plaintiff's claim that the wrong medicine was given;
2) The identification and production of all documents which support Plaintiff's claim that Medrol-Dosepak was not a proper treatment of Bell's palsy;
3) The identification of all witnesses who support Plaintiff's claim that the wrong medicine was given; and
4) The facts which support Plaintiff's claim that the medicine given cause Plaintiff to have residuals that he otherwise would not have had.

(ECF No. 133-1 at 2).

Plaintiff opposes the motion. Plaintiff argues that defense already questioned Plaintiff's expert witness on this issue, almost two years ago. Plaintiff claims that Sandoval already has the underlying medical records. Plaintiff also claims that the discovery is improper because "It is apparently to box Plaintiff into a limited universe of documents and witnesses that he may use to prove [the new theory], such that if Plaintiff encounters any technical or logistic difficulties at trial . . . he will possess few if any alternative methods to prove his case." (ECF No. 133-1 at 13).

The Court agrees with Defendant. Defendant is entitled to learn the basis of Plaintiff's claim, including the evidence supporting Plaintiff's theory regarding Dr. Montegrande's treatment of Plaintiff. There is nothing improper about Defendant narrowing the universe of evidence that Plaintiff can use at trial. Indeed, Plaintiff is already obligated to disclose "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses," in its initial disclosures. Fed. R. Civ. P. 26(a)(A)(ii). Plaintiff is also required to disclose "the facts or data considered by the witness in forming" an expert's opinion. Fed. R. Civ. P. 26(a(2)(B). And such disclosure falls well within the scope of discovery under Rule 26.

That said, Plaintiff has already disclosed his expert's report. Defendant has taken the deposition of the expert. And Plaintiff represents that it has already disclosed, or will soon disclose, Plaintiff's up-to-date medical records.

Accordingly, the Court will grant Defendant's motion, but will allow Plaintiff to incorporate by reference documents and evidence contained in the expert report of Dr. Gregory Whitman, evidence referenced in the deposition of Dr. Whitman, and Plaintiff's medical records. Moreover, Plaintiff need not specify the specific pages of Plaintiff's medical records.

### III.  CONCLUSION

The Court grants Defendant's motion (ECF No. 133) as follows:

Non-expert discovery is reopened for the limited purpose of Defendant taking discovery regarding Plaintiff's theory that Dr. Montegrande made errors in treating Plaintiff. The deadline to complete all such discovery shall be **July 25, 2024**. Defendant may serve up to 4 requests for production of document, 4 interrogatories, and 4 requests for admission on the following issues:

1. The identification and production of all documents which support Plaintiff's claim that the wrong medicine was given;
2. The identification and production of all documents which support Plaintiff's claim that Medrol-Dosepak was not a proper treatment of Bell's palsy;
3. The identification of all witnesses who support Plaintiff's claim that the wrong medicine was given; and

4

4. The facts which support Plaintiff's claim that the medicine given cause Plaintiff to have residuals that he otherwise would not have had.

Plaintiff's responses may incorporate by reference the expert report of Dr. Whitman, the deposition of Dr. Whitman, and Plaintiff's medical records without further specification.

IT IS SO ORDERED.

Dated:  **May 15, 2024**                         /s/ Erica P. Grosjean
                                                         UNITED STATES MAGISTRATE JUDGE