UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO GUTIERREZ, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. SANDOVAL,<br><br>　　　　Defendant. | Case No. 1:20-cv-01130-JLT-EPG<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO DESIGNATE A NEUROLOGY EXPERT<br><br>(ECF No. 134) |

Plaintiff Antonio Gutierrez, Jr. is proceeding *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Before the Court is Defendant's Motion for Leave to Designate a Neurology Expert (ECF No. 134).

## I.   DEFENDANT'S MOTION

Defendant argues that there is good cause to modify the scheduling order because Plaintiff's motion for leave to file an amended complaint, which amended allegations regarding Dr. Montegrande's treatment of Plaintiff (ECF No. 95), was not granted until March 29, 2024 (ECF No. 120). Plaintiff then filed his Third Amended Complaint on April 1, 2024. (ECF No. 121). Before that time, Defendant claims that she relied on admissions in Plaintiff's operative complaint that Dr. Montegrande's treatment had been correct.

1

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Accordingly, pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Green Aire for Air Conditioning W.L.L. v. Salem,* No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020.) ("Requests to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order 'only for good cause.'").

The Court finds good cause here. Although Defendant was aware of Plaintiff's theory when Plaintiff served its expert report, Defendant took the reasonable legal position that Plaintiff would be bound to admissions in his Second Amended Complaint. (ECF No. 134–1 at 3–4). Now that the District Judge has held otherwise (ECF No. 120), Defendant is entitled to present expert opinion on Plaintiff's theory. Moreover, Plaintiff will not be prejudiced because trial is not set until October 29, 2024 (ECF No. 126) and expert disclosures and discovery can take place before then.

Defendant does not propose any deadlines for expert disclosure or discovery, asking the Court to set dates that it deems appropriate.

## II.   CONCLUSIONS AND ORDER

The Court **GRANTS** Defendant's motion (ECF No. 134) as follows:

1. Defendant may serve an expert report by a neurology expert on the subject to Dr. Montegrande's treatment of Plaintiff no later than June 21, 2024.
2. Plaintiff may serve a rebuttal expert report no later than July 26, 2024.
3. Any discovery regarding these expert reports shall conclude no later than August 30, 2024.

//
//
//
//

2

4. Unless otherwise indicated, all other requirements and deadlines in the Court's Scheduling Order (ECF No. 126) remain in effect, including the pretrial conference on August 26, 2024 at 1:30 pm and the jury trial on October 29, 2024 before District Judge Jennifer L. Thurston.

IT IS SO ORDERED.

Dated: __**May 24, 2024**__          /s/ *Erica P. Grosjean*
                                  UNITED STATES MAGISTRATE JUDGE