UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO GUTIERREZ, JR., <br><br>Plaintiff, <br><br>v. <br><br>SANDOVAL, <br><br>Defendant. | No. 1:20-cv-01130-KES-EPG <br><br>ORDER DENYING <br>(1) PLAINTIFF'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT (REQUEST FOR NOMINAL DAMAGES), ALTERNATIVE REQUESTS TO ALTER THE JUDGMENT, FOR NEW TRIAL, FOR RULE 60 RELIEF, AND COMPANION REQUEST FOR FINDING OF PREVAILING PARTY STATUS; AND <br>(2) PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND RELATED RELIEF <br><br>(Docs. 236, 237) |

This action proceeded to a four-day trial in November 2024 on plaintiff Antonio Gutierrez's claims against defendant Margarita Sandoval for deliberate indifference to Gutierrez's serious medical needs in violation of the Eighth Amendment and for medical malpractice. Docs. 215, 218, 223, 227.

At trial, Gutierrez asserted that on August 17, 2019, while housed in a California Correctional Institution, he went to the medical clinic and was seen by defendant Nurse Sandoval. Gutierrez claimed that the symptoms he presented with required a full medical evaluation and warranted referral to a doctor and that Sandoval failed to do either, thereby delaying his diagnosis with Bell's palsy, a condition that causes weakness or paralysis in the face. Two days later, on

1   August 19, 2019, a doctor diagnosed Gutierrez with Bell's palsy.  Gutierrez argued that Sandoval
2   was deliberately indifferent to his serious medical needs and was medically negligent in her
3   treatment of him, and that due to her treatment of him he has lasting effects of Bell's palsy.
4   Sandoval asserted that she performed an appropriate medical assessment of Gutierrez on
5   August 17, 2019, and that nothing in that assessment reasonably led her to believe that Gutierrez
6   required further evaluation, medical care, or referral at that time.  Sandoval denied that she caused
7   any injury to Gutierrez or that he suffered any damages.

8   The jury returned a verdict for Sandoval on November 21, 2024.  Docs. 227, 232.  The
9   jury made the following findings on the verdict form on Gutierrez's Eighth Amendment claim:
10  (i) Gutierrez had a serious medical need when he presented himself to Sandoval on August 17,
11  2019, (ii) Sandoval knew of and disregarded Gutierrez's serious medical need by failing to take
12  reasonable measures to address it, and (iii) Sandoval's conduct did not cause harm to Gutierrez.
13  On Gutierrez's negligence claim, the jury made the following findings: (i) Sandoval was
14  negligent in her medical treatment of Gutierrez, and (ii) Sandoval's negligence was not a
15  substantial factor in causing harm to Gutierrez.  Doc. 232.  As a result of those findings, the jury
16  did not reach any questions related to damages.  *Id.*

17  Plaintiff now moves under Federal Rules of Civil Procedure 50, 59(a), 59(e), 60(a), and
18  60(b)(6) to modify the judgment and award plaintiff nominal damages.  Doc. 236.  Plaintiff also
19  moves for attorney's fees if he prevails on his motion to modify the judgment.  Doc. 237.  This
20  matter is suitable for resolution without a hearing pursuant to Local Rule 230(g).  The Court has
21  considered the parties' briefs and, for the reasons explained below, denies Gutierrez's motions.

**I.   PLAINTIFF'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT (REQUEST FOR NOMINAL DAMAGES), ALTERNATIVE REQUESTS TO ALTER THE JUDGMENT, FOR NEW TRIAL, FOR RULE 60 RELIEF, AND COMPANION REQUEST FOR FINDING OF PREVAILING PARTY STATUS**

25  Gutierrez's motion, while titled as a range of arguments, essentially seeks to alter the
26  judgment by having the Court declare him the prevailing party.  Doc. 236-1.  Gutierrez argues
27  that, based on the jury's findings on his Eighth Amendment claim, he is the prevailing party and
28  is entitled to nominal damages.  Doc. 236-1.  He also argues that the verdict form incorrectly

2

directed the jury not to answer further questions on the Eighth Amendment claim once the jury found Sandoval did not cause him harm. Doc. 236-1 at 11. Gutierrez does not argue that the jury's finding that Sandoval's actions did not cause Gutierrez harm was erroneous or not supported by the evidence; he argues only that nominal damages should have been awarded based on the jury's other findings on his Eighth Amendment claim.

Gutierrez asserts that the verdict form incorrectly conflated harm with causation and incorrectly directed the jury to not consider nominal damages based on the jury's finding that Sandoval did not cause him harm. Doc. 242 at 10-11. In its answers to the first two questions on the verdict form, the jury found that Gutierrez had a serious medical need when he presented himself to Sandoval on August 17, 2019, and that Sandoval knew of and disregarded Gutierrez's serious medical need by failing to take reasonable measures to address it. Doc. 232. The next questions on the verdict form, questions three through five, with the jury's response, are listed below:

> 3. Did such conduct by the defendant cause harm to the plaintiff?
>
>    _____ Yes  ✓ No
>
>    *If you answered "Yes," then proceed to question 4. If you answered "No," then proceed to question 6.*
>
> 4. Did the plaintiff suffer damages due to the defendant's conduct?
>
>    _____ Yes _____ No
>
>    *If you answered "Yes," then proceed to question 6. If you answered "No," then proceed to question 5.*
>
> 5. If you found that plaintiff is not entitled to damages, but that defendant violated plaintiff's constitutional rights, you must award nominal damages not to exceed one dollar.
>
>    Nominal damages:                                   $_____
>
>    *Proceed to question 6.*

*Id.* at 2. As the jury answered "No" to question three, it did not reach questions four or five.[1] *Id.*

---

[1] Question six and subsequent questions addressed the negligence claim and damages issues.

3

1     Gutierrez takes issue with the language of the verdict form, arguing that question 3
2 includes language about harm as well as causation and that the jury verdict form should have
3 directed the jury to question five (to award nominal damages) even if the jury found that
4 Sandoval did not cause harm to Gutierrez.  Doc. 242 at 10-11; Doc. 236-1 at 9-10.
5     As a preliminary matter, Gutierrez did not object to the language in the verdict form
6 before it was submitted to the jury and thus waived his right to challenge the causation question.
7 Doc. 236-1 at 9-11; *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109 (9th Cir.
8 2001) (party waives objections to verdict form "by failing to raise them until after the jury had
9 rendered its verdict and was discharged.")  Additionally, Gutierrez's proposed verdict form also
10 included similar causation language to the language he now argues incorrectly conflated
11 causation and damages.  Doc. 199 at 4 (Gutierrez's proposed verdict form asked: "Did Sandoval's
12 alleged actions, or failure to act, cause harm to Gutierrez?").  As such, Gutierrez is precluded
13 from challenging the causation question in the verdict form.
14     Even if Gutierrez were not precluded from challenging the verdict form, the causation
15 question was not erroneous and the verdict form properly directed the jury to consider nominal
16 damages only if it found that Sandoval caused Gutierrez harm.  "In order to prevail on an Eighth
17 Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to
18 his 'serious medical needs.'"  *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal
19 citation omitted).  This includes both (1) an objective standard (that the deprivation was serious
20 enough to constitute cruel and unusual punishment), i.e., a serious medical need, and (2) a
21 subjective standard: deliberate indifference.  *Id.*  The "deliberate indifference" prong requires
22 "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and
23 (b) *harm caused by the indifference*."  *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d
24 1062, 1081–82 (9th Cir. 2013) (emphasis added).
25     Gutierrez argues that the Court should award nominal damages even though the jury
26 found that Sandoval did not cause him harm.  In support of this argument, Gutierrez relies
27 primarily on two cases that did not involve Eighth Amendment claims.  *See Sabbe v. Washington*
28 *County*, 84 F.4th 807, 829 (9th Cir. 2023) (acknowledging that plaintiff may raise claim for

nominal damages based on Fourth Amendment "warrantless entry itself," but declining to consider such claim because plaintiff failed to seek nominal damages in district court); *Draper v. Coombs*, 792 F.2d 915, 923 (9th Cir. 1986) (error for district court to dismiss plaintiff's § 1983 claim on basis that no actual damage was suffered, because plaintiff could be entitled to nominal damages on his claim for illegal extradition). These cases acknowledge that a plaintiff must establish a constitutional violation for nominal damages to be awarded. And while in some cases a § 1983 claim may be stated without necessarily requiring a showing that the defendant caused harm to the plaintiff, such a showing was a required element to establish a constitutional violation on Gutierrez's Eighth Amendment claim.

On an Eighth Amendment claim for deliberate indifference to serious medical needs, "[m]ere delay of [medical treatment], without more, is insufficient to state a claim against prison officials for deliberate medical indifference; there is no claim for deliberate medical indifference unless the denial was harmful." *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404 (9th Cir. 1985). Although the jury found that Gutierrez presented a serious medical need and that Sandoval knew of and disregarded the risk, for Gutierrez to prevail on his claim and establish a constitutional violation the jury would have still needed to find that Sandoval's conduct caused Gutierrez harm. *Simmons v. G. Arnett*, 47 F.4th 927, 934 (9th Cir. 2022) ("Harmless delays in treatment are not enough to sustain an Eighth Amendment claim"). Because the jury did not find that Sandoval caused Gutierrez harm, there was no constitutional violation and therefore the jury was properly directed not to address nominal damages.

A jury verdict can be overturned and a post-trial motion for judgment as a matter of law granted under Rule 50 "only if, under the governing law, there can be but one reasonable conclusion as to the verdict. In other words, the motion should be granted only if 'there is no legally sufficient basis for a reasonable jury to find for that party on that issue.'" *Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1283 (9th Cir.2001) (internal citation omitted). To move for judgement as a matter of law after a verdict, the movant must have moved for judgment as a matter of law pre-verdict, or the motion will be denied as untimely. Fed. R. Civ. P. 50(b). Gutierrez did not move for judgment as a matter of law prior to verdict and

1  therefore may not obtain the relief he seeks under Rule 50.  Gutierrez also fails to establish any
2  basis for relief under Rule 50, as his sole argument is that he is the prevailing party and is entitled
3  to nominal damages, which is incorrect as addressed above.

4  Under Rule 59(a), a new trial may be granted in an action in which there has been a trial
5  by jury "for any of the reasons for which a new trial has heretofore been granted in actions at law
6  in federal court[.]" Fed. R. Civ. P. 59(a)(1).  Historically recognized grounds for granting a new
7  trial include, but are not limited to, claims "that the verdict is against the weight of the evidence,
8  that the damages are excessive, or that, for other reasons, the trial was not fair to the party
9  moving." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729–30 (9th Cir. 2007) (internal quotation
10 marks and citation omitted).  Other grounds include that "the verdict is contrary to the clear
11 weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of
12 justice." *Id.*  Gutierrez's request for a new trial appears to be based on the argument that he was
13 entitled to nominal damages as a matter of law, but as noted above, Gutierrez did not prevail on
14 his Eighth Amendment claim and is not entitled to nominal damages.

15 The Court has discretion to amend or alter the judgment under Federal Rule of Civil
16 Procedure 59(e), but such remedy is "extraordinary" and "should be used sparingly." *Allstate Ins.*
17 *Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation
18 omitted).  "In general, there are four basic grounds upon which a Rule 59(e) motion may be
19 granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the
20 judgment rests; (2) if such motion is necessary to present newly discovered or previously
21 unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the
22 amendment is justified by an intervening change in controlling law." *Id.*  Gutierrez did not
23 prevail on his claims and does not establish any basis for extraordinary relief under Rule 59(e),
24 and the Court does not find that he is entitled to such relief.

25 Gutierrez also invokes the Court's "plenary authority" to modify the judgment under
26 Rule 60 or other rules.  However, the jury did not find that Sandoval's conduct caused Gutierrez
27 harm and, therefore, the jury did not find a violation of the Eighth Amendment.  As such, there is
28

no error for the Court to correct under Rule 60(a).  While Gutierrez also cites to Rule 60(b), Gutierrez does not meaningfully argue, nor does he establish, any basis for such relief.

For the foregoing reasons, the Court denies the motion to modify judgment and award nominal damages (Doc. 236).

## II.    MOTION FOR ATTORNEY'S FEES

Gutierrez's motion for attorney's fees is premised on his argument that he is the prevailing party in this case and is entitled to nominal damages.  As addressed above, Gutierrez is not the prevailing party and is not entitled to nominal damages.  He is therefore not entitled to attorney's fees and his motion for attorney's fees is denied.

## III.   CONCLUSION

Based upon the foregoing, it is ORDERED that:

1. Gutierrez's motion to modify judgment and award nominal damages (Doc. 236) is DENIED.
2. Gutierrez's Motion for Attorney's Fees (Doc. 237) is DENIED.

IT IS SO ORDERED.

Dated:    January 10, 2025

UNITED STATES DISTRICT JUDGE